UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-23270-CIV-ALTONAGA/Brown

**HIALEAH HOUSING AUTHORITY**,

    Plaintiff,

vs.

**MAURIN LUGO**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Maurin Lugo's ("Lugo['s]") Motion to Dismiss (the "Motion") [ECF No. 6], filed on October 4, 2010.

### I. BACKGROUND

Defendant, Lugo, resides in an apartment at the Bright Villas public housing project in Hialeah, Florida (the "Apartment"). (*See* Compl. ¶¶ 7–8). Bright Villas is owned and operated by Plaintiff, Hialeah Housing Authority ("HHA"). (*See id.* ¶ 7). Lugo resides in the Apartment as a participant in the federal public housing program pursuant to a lease agreement (the "Lease") [ECF No. 1-3] with HHA. (*See* Compl. ¶ 8; Lease ¶ 1). The Lease contains a number of provisions mandated by the Public Housing Act (the "Act"), 42 U.S.C. § 1437d, and its implementing regulations (the "Regulations"), 24 C.F.R. § 966.4. In the Lease, Lugo agreed "'not to give accommodations to boarders [or] lodgers . . . without the written consent of the authority.'" (Compl ¶ 15 (quoting Lease ¶ 8(a)) (some alterations added)). Lugo also agreed to seek approval from HHA for guests who would stay more than one night and to not permit any guest to stay more than 14 days

Case No. 10-23270-CIV-ALTONAGA/Brown

in any calendar year.  (*See id*. (citing Lease ¶ 8(b)).  Moreover, the Lease required Lugo to "assure that Tenant, any member of the household, guest, visitor or other person under Tenant's control shall not engage in any . . . drug related criminal activity of any kind."  (*Id*. ¶ 16 (quoting Lease ¶ 8(l)); *see also* 42 U.S.C. § 1437d(*l*)(6) ("Each public housing agency shall utilize leases which . . . provide that . . . any drug-related criminal activity on or off such premises . . . shall be cause for termination of tenancy.").[1]

Miguel Duperoy ("Duperoy"), who is not listed on the Lease, also resides in the unit with Lugo.  (*See* Compl. ¶¶ 19–20).  HHA has not given Duperoy permission to live in the Apartment.  (*See id*. ¶ 21).  Duperoy has a history of drug-related criminal activity including a February 2007 arrest for cocaine possession, a November 2007 conviction for purchasing cocaine, a July 2008 conviction for possession of a controlled substance, and a March 2010 conviction for cocaine possession.  (*See* Compl. ¶¶ 21–22).

On August 18, 2010, HHA terminated Lugo's lease because "[d]rug related criminal activity of a guest violates Hialeah Housing Authority's 'One Strike and You're Out Policy'" and gave Lugo until August 25, 2010 to vacate the Apartment.  (Seven Day Notice to Vacate (the "Notice") 1 [ECF No. 1-4]; *see also* Compl. ¶ 9).  Lugo had received a previous written warning that Duperoy must move out of the Apartment, but she allowed him to return.  (*See* Compl. ¶ 23).  Lugo has not vacated the Apartment or surrendered possession.  (*See* Compl. ¶ 10).

---

[1] The "One Strike and You're Out" policy at issue in this litigation is based on 42 U.S.C. § 1437d(*l*)(6), 24 C.F.R. § 966.4(*l*)(5)(i)(B), and the lease provisions they require.  *See Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001) ("Pursuant to its 'One Strike' or 'Zero Tolerance' policy, as authorized by 42 U.S.C. § 1437d( l)(6) . . .").

Case No. 10-23270-CIV-ALTONAGA/Brown

On September 10, 2010, HHA filed suit seeking possession of the Apartment "under the federal 'One Strike and You're Out' policy."[2] (Compl. ¶ 25; Resp. 9). Lugo responded by moving to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (*See* Mot. 1). In the Motion Lugo contends, "[HHA] has failed to present a federal question on the face of the complaint and this case must be dismissed because the court has no subject matter jurisdiction." (Mot. 6).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1331, United States district courts have subject matter jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a district court to have jurisdiction over a claim under section 1331, a federal law issue in the claim (1) must be presented in a well-pleaded complaint; (2) must be substantial; and (3) "must be sufficiently central to the plaintiff's claim to satisfy the requirement that the claim 'arise under' federal law." 13D Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3563 (3d ed. 2008). *See also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09, 814 n.12 (1986) (discussing the well-pleaded complaint rule as well as the importance of a substantial question of federal law and centrality of the federal issue to subject matter jurisdiction); *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

---

[2] As discussed in more detail in this Order, HHA concedes in its Response [ECF No. 13] there is no federal cause of action for eviction in the Act. (*See* Resp. 2). Under Florida law, an action for possession is authorized pursuant to Florida Statute section 83.59. The Court assumes HHA intends to bring this case under state law pursuant to section 83.59.

Case No. 10-23270-CIV-ALTONAGA/Brown

### III. ANALYSIS

Lugo contends no federal question appears on the face of HHA's well-pleaded complaint because HHA only alleges a state law claim for breach of the Lease. (*See* Mot. 2, 4). "The well-pleaded complaint rule stands for the proposition that the court, in determining whether the case arises under federal law, will look only to the claim itself and ignore any extraneous material." 13D Wright et al., § 3566. "A well-pleaded complaint presents a federal question where it 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

HHA effectively concedes there is no federal cause of action in this case. (*See* Resp. 2 ("The instant case involves the very narrow and substantial federal issue . . . of the federal 'One Strike You're Out' policy, where the right to terminate public housing benefits and evict the tenant hinges entirely on the meaning of federal law.")).[3] Consequently, subject matter jurisdiction is only proper

---

[3] In *Perry v. Housing Auth. of City of Charleston*, the Fourth Circuit performed an extensive analysis to determine if section 1437 implied a cause of action on behalf of tenants, and concluded that:

> it would plainly be inconsistent with any legislative scheme in the federal legislation to imply a private cause of action where the legal right invoked is one traditionally left to state law. It would be hard to find an area of the law in which the states have a greater interest or have had greater involvement than in the legal area of landlord-tenant.

664 F.2d 1210, 1216 (4th Cir. 1981) (discussing the third and fourth elements of the test for implying causes of action found in *Cort v. Ash*, 422 U.S. 66 (1975)). The same reasoning prevents federal courts from implying a private cause of action for landlords under section 1437.

4

Case No. 10-23270-CIV-ALTONAGA/Brown

if HHA's state law action for possession claim "necessarily depends on resolution of a substantial question of federal law." *Smith*, 236 F.3d at 1310.

HHA contends that in order to prevail on its state law action for possession of the Apartment for breach of the Lease it must show "it lawfully terminated [the Lease] prior to instituting eviction proceedings."[4] (Resp. 3). HHA maintains "[t]he outcome of the eviction action turns on the meaning of the 'One Strike and You're Out' policy and other provisions of the Public Housing Act and its implementing regulations." (*Id.*). According to HHA, this is a problem because despite the fact that the "One Strike" policy is constitutional, *see Dep't of Hous. & Urban Dev. v. Rucker*, 535 U.S. 125, 136 (2002), Florida state courts routinely deny evictions for drug-related criminal activity under provisions of the Florida Residential Landlord Tenant Act. (*See* Resp. 3–4 (citing *Miami-Dade Cnty. v. De Los Santos*, 7 Fla. L. Weekly Supp. 588b (Fla. Miami-Dade Cnty. Ct. Apr. 30, 2010) (denying eviction where landlord waived right to terminate tenancy for an arrest that occurred 10 years prior because defendant failed to institute an eviction action within 45 days of the alleged

---

[4] HHA may need to show the lease was lawfully terminated in order to prevail on the merits, but a well-pleaded complaint in an action for possession need not anticipate the state law defenses Lugo may raise. Indeed, it would be quite odd if HHA's complaint alleged, for instance, "violation of the One Strike lease provision is good cause for termination of the lease even if the termination is not initiated within 45-days of the tenant's non-compliance because the provision is mandated by the Act, and the Act preempts state law defenses." *See* Fla. Stat. § 83.56(5) ("[W]aiver will occur if an action has not been instituted within 45 days of the noncompliance.").

non-compliance as required by section 83.56(5))).[5] From this HHA concludes, "the meaning of 'One Strike and You're Out' is in dispute."[6] (*See id*.). This is incorrect.

The meaning and validity of the "One Strike and You're Out" policy has been conclusively determined by the Supreme Court's decision in *Rucker* and is not in dispute. *See* 535 U.S. at 136 ("Section 1437d(*l*)(6) requires lease terms that give local public housing authorities the discretion to terminate the lease of a tenant when a member of the household or a guest engages in drug-related activity, regardless of whether the tenant knew, or should have known, of the drug-related activity."). However, HHA does raise a second question which has not been resolved: whether the Act and Regulations, which both require certain provisions in public housing leases, preempt state laws like section 83.56(5) that mitigate the harshness of those provisions. This is an interesting question of federal law, but it does not appear on the face of a well-pleaded complaint in an action for possession. The Court would only have to resolve this question if Lugo relied on a state law defense to the eviction, and then HHA raised the preemption question to challenge Lugo's right to assert that state law defense.

This case is analogous to the seminal Supreme Court case *Louisville & N. R. Co. v. Mottley*, where the Supreme Court concluded, "'It would be wholly unnecessary and improper, in order to prove complainant's cause of action, to go into any matters of defense which the defendants might

---

[5] In this case, Duperoy's last conviction for drug related criminal activity was March 2010. The termination of Lugo's Lease was initiated on August 18, 2010 — well beyond the 45-day limit set by section 83.56(5).

[6] HHA contends, "Since violation of the 'One Strike an You're Out' policy is not treated as 'good cause' per se under Florida eviction law, there is a need for a federal forum to hear the case." (Resp. 4). To the contrary, a federal forum is not necessary to resolve the preemption question. HHA may make its preemption argument in state court, and if it loses, appeal.

possibly set up, and then attempt to reply to such defense . . . to show that a Federal question . . . would arise in the . . . case.'" 211 U.S. 149, 153 (1908) (quoting *Boston & M. Consol. Copper & S. Min. Co. v. Montana Ore Purchasing Co.*, 188 U.S. 632, 638 (1903)). *See also Franchise Tax Bd.*, 463 U.S. at 10 ("[A] federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise.").[7]  Because a substantial question of federal law does not appear on the face of the well-pleaded complaint, the Court lacks subject matter jurisdiction and the case must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss **[ECF No. 6]** is **GRANTED**. Accordingly, the hearing scheduled for October 29, 2010 is **CANCELLED**.

---

[7] HHA contends *Merrell Dow*, 478 U.S. 804, supports its position because it was critical to the Supreme Court's decision in that case that state tort law treated a violation of federal law as negligence per se. (*See* Resp. 4 (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318–19 (2005) (internal citation omitted))). HHA suggests a violation of one of the federally-mandated lease provisions should be per se good cause for eviction under Florida landlord-tenant law. The Court disagrees. First, *Merrell Dow* held "a complaint alleging a violation of a federal statute as an element of a state cause of action, when [there is] no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" 478 U.S. at 817 (citing 28 U.S.C. § 1331). This very broad holding encompasses the present case because no federal cause of action for eviction exists under the Act or Regulations. Second, unlike the drug manufacturer in *Merrell Dow*, Lugo is not being accused of violating federal law, but of violating a lease provision mandated by federal law. This makes the presence of the federal question in this case even more remote than it was in *Merrell Dow*. Third, *Grable* found "the meaning of the federal statute is thus an essential element of [the] quiet title claim, and the meaning of the federal statute is actually in dispute." 545 U.S. at 315. Here, the preemption question is not an essential element of the eviction claim, and the meaning of the statute is not in dispute — public housing leases *must* contain the One Strike provision.

Case No. 10-23270-CIV-ALTONAGA/Brown

2. The Clerk is ordered to **CLOSE** the case. All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of October, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record